**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-4270**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH ALLEN CARSON,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-02-813)

―――――――――

Submitted:  December 21, 2005          Decided:  February 3, 2006

―――――――――

Before LUTTIG and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

J. Bradley Bennett, SALVINI & BENNETT, L.L.C., Greenville, South Carolina, for Appellant.  Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenneth Allen Carson appeals his convictions and 360-month sentence for aiding and abetting armed bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a), (d) (2000); use and carry of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c) (2000); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(e) (2000). Carson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the district court's denial of Carson's motion to withdraw his guilty plea and alleging ineffective assistance of trial counsel, but stating that he finds no meritorious grounds for appeal. Carson filed a pro se supplemental brief raising similar issues and challenging his sentence under United States v. Booker, 543 U.S. 220 (2005). Finding no reversible error, we affirm.

In the Anders brief, counsel challenges the district court's denial of Carson's motion to withdraw his guilty plea, contending that although Carson conspired to commit robbery, he had no knowledge that his co-conspirator had a firearm, and thus he committed perjury in pleading guilty to the firearm charges. We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). "A defendant has no 'absolute right' to withdraw a guilty plea, and the district court has discretion to

decide whether a 'fair and just reason' exists upon which to grant a withdrawal." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003), cert. denied, 540 U.S. 1226 (2004). After careful review of the record, we conclude the district court's denial of Carson's motion was a proper exercise of discretion. Id.; United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (setting forth six factors to be considered when a defendant moves to withdraw his guilty plea).

Carson also contends his trial counsel rendered ineffective assistance by instructing him not to admit the truth in court. Claims of ineffective assistance of counsel are generally not considered on direct appeal. To succeed on a claim of ineffective assistance of counsel on direct appeal, a defendant must show conclusively from the face of the record that counsel provided ineffective representation. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003), cert. denied, 540 U.S. 1134 (2004). We conclude Carson has not made such a showing.

Finally, Carson objects to the calculation of his criminal history points and the court's finding that he was a armed career criminal under Booker. Because Carson did not raise this issue in the district court, we review for plain error. See United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). We conclude these challenges to the calculation of Carson's sentence fail. See United States v. Thompson, 421 F.3d 278, 284-86 (4th Cir. 2005)

(holding that prior convictions could not be severed from their essential components, and these components include integral facts such as the statutory violation and date of offense; therefore, these facts were inherent to convictions not extraneous to them); United States v. Cheek, 415 F.3d 349, 350 (4th Cir. 2005) (holding that defendant's Sixth Amendment right to trial by jury was not violated by district court's reliance on prior convictions for sentencing under Armed Career Criminal Act).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Carson's convictions and sentence and deny his motion to relieve counsel and appoint new counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -